## Mandell *v.* McPeak, Appellant.

Argued December 4, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Walter B. Gibbons,* with him *Richard T. McSorley,* for appellant.—The writing declared upon was an incomplete memorandum.

The agreement of May 8, 1925, was the contract which bound the parties, and its terms should have been admitted in evidence.

The following authorities, we submit, entirely sustain our contention that the defendant's testimony as to the actual agreement between the parties should have been admitted, in view of allegations of mutual mistake of fact: Huss v. Morris, 63 Pa. 367; North & West Branch Ry. v. Swank, 105 Pa. 555; Gump's App., 65 Pa. 476; Baab v. Houser, 203 Pa. 470; Kostenbader v. Peters, 80 Pa. 438; Radnor B. & L. Assn. v. Scott, 277 Pa. 56; Miller v. Trust Co., 285 Pa. 472; Gianni v. Russell, 281 Pa. 320; Garrison v. Salkind, 285 Pa. 265; Federal Sales Co. v. Farrell, 264 Pa. 149.

*Stanley Folz,* of *Sundheim, Folz & Sundheim,* with him *Samuel D. Goodis,* for appellee.—The jury's verdict established that defendant was in default and plaintiff was entitled to recover all deposits made by him: Otis Elevator Co. v. Realty Co., 244 Pa. 186.

Defendant's negligence precluded reformation of the written agreement and the evidence to accomplish this purpose was properly excluded: Greenfield's Est., 14 Pa. 489; Susquehanna Mut. F. Ins. Co. v. Swank, 102 Pa. 17; Lewis v. Dunlap, 5 Pa. Superior Ct. 625; Youngstown Electric Light Co. v. Poor District, 21 Pa. Superior Ct. 95; Snyder v. Phillips, 25 Pa. Superior Ct. 648; Ebstein v. Knitting Mills, 48 Pa. Superior Ct. 349; Felin v. Futcher, 51 Pa. Superior Ct. 233; Artzerounian v. Demetriades, 276 Pa. 303.

Defendant's evidence to reform the written instrument, even if admitted, would not have been of such character as to entitle the question to go to the jury: Coppes v. Paint & Filler Co., 36 Pa. Superior Ct. 38.

OPINION BY MR. JUSTICE SCHAFFER, January 6, 1930:

Recovery was had by plaintiff in the court below of the amount which he had deposited with defendant under an agreement for the purchase of thirty-three houses which the latter was building. Defendant, who appeals, claims that the money was forfeited to him. The jury decided otherwise.

Several questions are presented to us; one found against appellant is decisive of the controversy and the others need not be considered.

The purchase price of the properties was $211,200, of which $2,000 was the initial payment; $12,900 was paid subsequently. The written agreement provided that the first payment should be forfeited to the seller as liquidated damages in case of default by the purchaser. Nothing was said in the writing about the forfeiture of any other payments; appellant contends that there was

an oral understanding between him and plaintiff that they also were to be forfeited.

The contract of purchase provided for its consummation sixty days after completion of all the houses, which had to be effected within six months after the date of the agreement, and recited that "It is understood and agreed that the word completion means houses are to be completed ready for occupancy, water, sewers, gas, also street paving, sidewalks, curbing, all cement work to be in and paid by the seller at the above purchase price."

Plaintiff, who refused to carry out the purchase and rescinded the contract, as the basis for his claim to recover the money he had paid on account, produced testimony on the trial going to show that at the time final settlement for the houses was to have been made they were not "completed ready for occupancy," that the plumbing was not finished, that there were no spigots in the houses, the wash trays in the basements were not connected with the sewer pipes, the hose connections in the front and rear of the houses were not put in, nor were the toilet seats, that much of the moulding was broken, cellar steps were missing from some of the houses, another coat of paint was required, the wall of the end house had bulged in and the paving and sewers had not been completed. If these conditions existed, and the jury by their verdict found that they did, it could not be said that the houses were "completed ready for occupancy" and, if they were not, plaintiff was not required to carry out his purchase and defendant could not retain the money which had been paid him on account. He seems to have recognized this at the meeting for settlement, because he there said that if the purchase was not then completed and the houses taken as they were, he would sell them to some one else, which he did shortly thereafter. Furthermore, it is not denied that the street improvements on one of the abutting streets had not been put in and they appeared as

an objection to insurance of the title by the company which was to issue the title insurance policy.

In the view we take of the case, the contention, made by appellant, that a parol understanding between the parties that all the payments made should be forfeited to him had been omitted from the written contract by mistake, which he was not permitted to show, becomes immaterial. Even if it had appeared that there was such an understanding, and that it had been omitted from the writing by mistake, there could be no forfeiture if the houses were not completed ready for occupancy.

Nor do we think the doctrine of substantial performance invoked by appellant plays any part here. If the condition of the houses was as testified to by appellee and his witnesses, it could not be successfully maintained that the undertaking to convey them to plaintiff completed ready for occupancy had been performed. The question of substantial performance was, however, submitted to the jury, which is all appellant could ask. The case, on its determining factor, whether the houses had been completed, was for the jury under the testimony and it was submitted in a charge which while criticized by appellant seems to us to have been impartial and fair. Appellant's extreme position, that under the agreement as written he was bound only "to construct the thirty-three houses of brick," can not be acceded to.

We have considered all the assignments; none would warrant a reversal. They are, therefore, overruled and

The judgment is affirmed.